## HURTON v. HURTON.

1. APPEAL—REVOCATION OF WILL—OBJECTION NOT RAISED BELOW.
   A judgment refusing the probate of a will executed in triplicate will not be affirmed by the Supreme Court upon the point, raised for the first time in that court, that it is to be presumed that two of the three copies of the will, which were not accounted for on the trial, were destroyed by the testator, and that the will was thereby revoked.

2. CONTEST OF WILL—EVIDENCE—HEARSAY.
   The admission of the testimony of a witness for the contestant of a will, as to what her husband told her with reference to the intention of the proponent to keep them away from the testator, is prejudicial error.

Error to Houghton; Hubbell, J.   Submitted June 15, 1897.   Decided July 13, 1897.

Edward Hurton, Jr., presented for probate the will of Edward Hurton, Sr., deceased, which was contested by Michael Hurton.   Probate was denied, and proponent appealed to the circuit court.   From a judgment for contestant, proponent brings error.   Reversed.

*Dunstan & Hanchette*, for appellant.

*A. T. Streeter*, for appellee.

HOOKER, J. Edward Hurton, a native of Ireland, came to the United States many years ago, and for a time lived in Minnesota, but died at the home of his nephew, Edward Hurton, Jr., in Michigan; Edward, Jr., being the son of Michael Hurton, the brother of Edward, Sr., also a resident of Michigan. Shortly before his death, Edward Hurton made a will, which was refused admission to probate and circuit courts, and the proceeding is now before us on error to the circuit court.

The undisputed evidence shows that, at the request of the testator, the proponent's wife wrote a letter for the testator to the custodian of a former will in Minnesota, asking that it be sent to him, and that when he received it he burned it. A short time afterwards he called upon counsel, who drew a new will. Three copies of the paper were made, one being given to counsel with direction to preserve it, one was given to the proponent by the testator, and one was kept by him. The first-mentioned copy was the one offered for probate. In this court, apparently for the first time, counsel raises the point that, the other copies not being accounted for, it is to be presumed that they were destroyed by the testator, and that the will was thereby revoked. We are disinclined to affirm this case upon the sole ground that the copies were not accounted for, as we see no evidence that the question was raised below, but rather that it was tacitly understood that they were not destroyed. It is quite improbable that they were destroyed, and, if contestant desired to make such a claim, it should have been done earlier. We do not discuss the legal phases of this question, as it is not improbable that upon another trial these copies may be produced, thus eliminating the question from the case.

Counsel for the proponent contend that they were entitled to a direction that the jury find for the proponent. We are not greatly impressed with the strength of the contestant's showing, but, in view of the fact that the case must be reversed upon another ground, and the fact that the record is silent as to the whereabouts of the two copies

of the will, we will not discuss the testimony to determine that there was or was not enough to go to the jury upon the question of incompetency or undue influence. It was a claim of the contestant that the proponent unduly influenced the testator, and an attempt was made to show that the testator was denied freedom of intercourse with friends and relatives after the will was made. One Regina Wright, on examination by counsel for contestant (on whose behalf she was called), testified as follows:

"I am the wife of John Wright, and live in West Hancock. Knew Edward Hurton, the deceased, during his lifetime. Saw him three times at his brother's house, and three times at his nephew's (Ed.'s) house. I was there the last Sunday he was living, in the evening. The next morning I asked the old gentleman if I could come and see him again, and Ed. said, 'Why, certainly you can,' out loud, so the old gentleman heard it, and he muttered to me, 'I don't know about that.'

"*Q.* Why did you ask the old gentleman if you could see him? (To which question the counsel for the proponent then and there objected to the same as irrelevant and immaterial. The court overruled the objection, and thereupon the counsel for the proponent took an exception.)

"*A.* My husband told me that Edward Hurton, Jr., intended to put us out the night before. I never heard Ed. say anything about visitors coming there. (Thereupon counsel for the proponent made a motion that the last answer of the witness be stricken from the record, because she repeated what her husband said to her, it being merely hearsay. The court overruled the objection, and thereupon the counsel for the proponent took an exception.)"

This testimony was hearsay, and not admissible. If it was a fact, and counsel desired to prove that proponent intended to do such a thing, the witness who knew it should have been called for the purpose. Its tendency was to prejudice the proponent.

The order of the circuit judge is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.